UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| NATIONAL INDEMNITY COMPANY OF THE SOUTH, <br> *Plaintiff*, <br><br> v. <br><br> STAR CLEANING USA, INC., STAR SWEEPING USA INC., and WALLACE I. HARRIS, <br> *Defendants*. | § § § § § § § § § § | Civil Action No. 6:23-cv-347 |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff National Indemnity Company of the South files this Original Complaint for declaratory relief pursuant to the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and in support thereof, respectfully shows as follows:

### PARTIES

1. Plaintiff National Indemnity Company of the South ("National") is an insurance company incorporated in the State of Iowa with its principal place of business in Omaha, Nebraska. Consequently, National is a citizen of Iowa and Nebraska. *See* 28 U.S.C. § 1332(c)(1).

2. Defendant Star Cleaning USA, Inc. ("Star Cleaning") is a corporation incorporated in Florida with its principal place of business in Hialeah Gardens, Florida. Consequently, Star Cleaning is a citizen of Florida. *See* 28 U.S.C. § 1332(c)(1). Star Cleaning may be served through its registered agent Enrique M. Gonzalez at 12054 NW 98th Avenue, Hialeah Gardens, Florida 33332, or wherever he may be found.

3. Defendant Star Sweeping USA Inc. ("Star Sweeping") is a corporation incorporated in Texas with its principal place of business in Hialeah Gardens, Florida.

Consequently, Star Sweeping is a citizen of Texas and Florida. *See* 28 U.S.C. § 1332(c)(1). Star Sweeping may be served through its registered agent Michael Gonzales at 4132 FM 725, New Braunfels, Texas 78130, or wherever he may be found.

4.     Defendant Wallace I. Harris ("Harris") is an individual domiciled in Bexar County, Texas and a citizen of Texas. Mr. Harris may be served at 230 Chaucer Ave., Apt. 364, San Antonio, Texas 78221, or wherever he may be found.

## JURISDICTION

5.     This Court has diversity jurisdiction under 28 U.S.C. § 1332 because this action is between citizens of different states. The amount in controversy, without interest and costs, exceeds $75,000, because National seeks a declaration that it has no duty to defend or indemnify Defendants in another lawsuit seeking to recover more than $75,000 in damages.

6.     As detailed below, Star Cleaning purposefully directed its activities at Texas by owning a commercial vehicle that operates in Texas and the claim arises out of or relates to those activities. The Court has general jurisdiction over Star Sweeping because it is incorporated in Texas. The Court has general jurisdiction over Harris because he is domiciled in Texas.

## VENUE

7.     As detailed below, this action is being brought in this judicial district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district (Bell County, Texas). *See* 28 U.S.C. § 1391(b).

## BACKGROUND

8.     This declaratory judgment action arises from a motor vehicle accident that occurred on April 21, 2021, in Bell County, Texas, involving a commercial truck owned by by Star Cleaning (the "Accident") and described as a 2014 Mack, VIN 1M2AX13CXEM024863 (the "Truck"),

allegedly operated by Star Sweeping and allegedly driven by Harris. Star Cleaning is the named insured on Commercial Policy No. 74 APB 004631 issued by National (the "Policy").

9. On June 25, 2021, Kathleen D. Rinallo, individually, and as the Independent Administrator of the Estate of Marco Rinallo, deceased, and on behalf of her minor child, G. R. R., Filomena Stagnitto, and Vincenzo Rinallo filed a wrongful death lawsuit against Star Cleaning, Star Sweeping, and Harris in the 146th District Court for Bell County, Texas, seeking monetary relief of over $1,000,000 (the "Lawsuit"). The live pleading in the Lawsuit as of the filing of this Complaint is the Second Amended Petition.

10. In the Lawsuit, the plaintiffs allege that Marco Rinallo was driving southbound on Interstate 35 during the early morning hours when he clipped the corner of the Truck—which was disabled and parked on the left-hand shoulder of the road by Harris—resulting in Mr. Rinallo's vehicle rolling over multiple times, Mr. Rinallo's ejection from his vehicle, and his death (the "Accident"). The plaintiffs seek, among other things, damages for loss of consortium, earning capacity, and mental anguish.

11. On or around March 31, 2023, National received a demand to defend Star Cleaning related to the Accident. In response, National notified Star Cleaning and Harris that there is no coverage for the Accident under the Policy.

12. First, the Truck is not covered under the Policy. The Policy only applies to a vehicle that is "covered auto." An "auto" is covered under the Policy if it falls into one of three categories: (a) an "auto" specifically "described in Item Three of the Declarations for which a premium charge is shown"; (b) a newly acquired "auto" that meets certain conditions; and (c) non-owned "auto" used as a temporary substitute for a "covered auto" that is out of service. The Truck does not fall within any of the three categories.

13. Second, Defendants otherwise failed to comply with the Policy's "prompt" and "immediate" notice requirements as it relates to the Accident and the Lawsuit. The Policy excludes coverage if either (1) Star Cleaning fails to provide National with "prompt notice" of the Accident, or (2) Star Cleaning and any other involved "insured" fail to "immediately send" copies of any "request, demand, order, notice, summons or legal paper received concerning the claim or 'suit'" to National. Star Cleaning failed to comply with the Policy's notice requirements with respect to the Accident that occurred more than two years ago. Defendant failed to comply with the notice requirements with respect to the Lawsuit that was served on Defendants in July 2021.

14. On or around May 3, 2023, National received a letter from Star Cleaning and Star Sweeping demanding that National reevaluate its coverage decision and ultimately indemnify Defendants from any liability resulting from the Accident. Again, there is no coverage for the Accident under the Policy. Moreover, neither Star Sweeping nor Harris is an "insured" under the Policy.

## REQUEST FOR DECLARATORY RELIEF

15. Under these circumstances, a declaratory judgment concerning the rights of the parties under the Policy is authorized to resolve any uncertainty regarding the parties' rights and obligations under the Policy. *See* 28 U.S.C. § 2201; *Lincoln Gen. Ins. Co. v. De La Luz Garcia*, 501 F.3d 436 (5th Cir. 2007) (declaratory-judgment action regarding duty to defend and indemnify insured for non-covered claims).

16. Because there is no coverage under the Policy, National seeks a declaration that it has no duty to defend Defendants or any other person or entity, against any claims arising from the Accident, including, but not limited to, those asserted in the Lawsuit. Because the same reasons that negate National's duty to defend also negate any possibility that it will ever have a duty to

indemnify, National also seeks a declaration that it has no duty to indemnify Defendants or any other person or entity, for any claims arising from the Accident, including, but not limited to, those asserted in the Lawsuit.

## PRAYER

WHEREFORE, Plaintiff National Indemnity Company of the South prays that the Court enter judgment declaring that: (i) National does not have a duty to defend Defendant Star Cleaning USA, Inc., Defendant Star Sweeping USA Inc., Defendant Wallace I. Harris, or any other person or entity against any claims arising from the Accident, including, but not limited to, those asserted in the Lawsuit; and (ii) National does not have a duty to indemnify Defendant Star Cleaning USA, Inc., Defendant Star Sweeping USA Inc., Defendant Wallace I. Harris, or any other person or entity for any claims arising from the Accident, including, but not limited to, those asserted in the Lawsuit.  National also prays for an award of costs and any additional relief to which it may be entitled.

Respectfully submitted,

*/s/ Susan A. Kidwell*

Susan A. Kidwell (Attorney-in-Charge)
State Bar No. 24032626
Daniel Durell
State Bar No. 24078450
LOCKE LORD LLP
300 Colorado Street, Suite 2100
Austin, Texas  78701
(512) 305-4766 (Telephone)
(512) 305-4800 (Facsimile)
skidwell@lockelord.com
daniel.durell@lockelord.com

ATTORNEYS FOR PLAINTIFF
NATIONAL INDEMNITY COMPANY OF THE SOUTH